## Case No. 18,080.
### WRIGHT v. GEORGETOWN.
[4 Cranch, C. C. 534.] [1]

Circuit Court, District of Columbia. March Term, 1835.

CHANGE OF STREET GRADE—ACTION FOR DAMAGES—DEFENSES—PROCEEDINGS BY INQUISITION.

A subsequent inquisition is no bar to the plaintiff's special action upon the case for a cause of action which accrued before the inquisition. The power to regulate streets, given by the act of 1805, applies only to streets opened or extended by virtue of that act. The inquest must be taken before a magistrate or officer. The justice must certify that he summoned the jurors, and that they were sworn. The jurors must certify that they made the inquest. The party to be affected by the inquest must be notified.

[Cited in City of Topeka v. Sells, 48 Kan. 520, 29 Pac. 609.]

This was a special action upon the case [by Matthew Wright] for damages to the plaintiff's dwelling-house, by graduating the street and raising the earth so as to obstruct the plaintiff's entrance, &c. The declaration, which was drawn by Mr. Jones, consisted of two counts; the first of which stated, in substance, that the plaintiff was seized in fee of a messuage and tenement, in Georgetown, D. C., fronting on Causeway street, which, long before the injury now complained of, had been regulated and improved, so as to admit of convenient access, ingress, egress and regress to and from the said messuage and tenement and the said street; and to leave the ground-floor of the dwelling-house on a convenient level above the level of the street; the regulation and level of which street, the defendants, at the time aforesaid, and before and always since, had no lawful right to change and alter, so as to obstruct such access, &c.; yet the defendants afterward, unlawfully and wilfully, against the will of the

1 [Reported by Hon. William Cranch, Chief Judge.]

plaintiff and without any lawful warrant, power, or authority, caused the regulation and level of the said messuage and tenement to be changed and altered and the said street all along the front of said messuage and tenement, to be raised and filled up and embanked with earth, to a great height, namely, fifteen inches above its proper level as before laid out, regulated, and levelled by public authority and the acts of said defendants, so as to impede and obstruct all access, &c., and to render the dwelling-house untenantable and uninhabitable for one year and upwards, to the great nuisance, &c., of the plaintiff and his tenants; by reason whereof the plaintiff was obliged to raise the ground-floor fifteen inches above its former level, and to make other works and repairs, &c., at the expense of $600, and lost the rents and profits, &c., to the damage of the plaintiff $2,000, &c. The second count stated that the damage was done without compensation as required by the act of congress.

The defendants pleaded 1st. In substance, that the plaintiff is concluded by the verdict of the jury, held under the town charter, and that the sum, there awarded, was tendered to, and refused by, the plaintiff. 2d. That the plaintiff's house was built before the street was graduated, and therefore no injury. 3d. Not guilty.

Mr. Jones, for plaintiff, prayed the court to instruct the jury that the matter of the plea is no defence to this action.

Mr. Dunlop, for defendants, contra, contended that the inquisition is conclusive, and cited the Maryland charter of Georgetown (1797, chapter 6); Act Cong. March 3, 1805 (2 Stat. 332); Davis' Laws D. C. 171; Act Cong. March 3, 1809 (2 Stat. 537); Davis' Laws D. C. pp. 195–197, § 4; and the case of Gozler v. Georgetown, 6 Wheat. [19 U. S.] 596.

Mr. Jones, contrà. The act of congress of March 3, 1809, § 4 (2 Stat. 537), authorizes the regulation only of those streets which, either under the powers given by that act or by previous acts, the corporation might thereafter open or extend. This was an old street (Water street), and had been twice regulated, and had been built upon for many years. The justice and the jury had no authority in this case under that act. It is said that if they had, this court has not. But in Pritchard v. Georgetown [Case No. 11,437] (December, 1819), it was decided that this court had the jurisdiction; therefore the justice and jury had not. There is no law that ousts this court of its jurisdiction. This is not taking private property for public use. The damage was done before the inquisition, and therefore the plaintiff has not lost his common-law remedy. By the fourth section of the act of 1809 (2 Stat. 537), the justice and twelve jurors are to be corporators and the authority is confined to the precise case mentioned in that section. The act of Maryland of 1797 (chapter 6) did not give the right to open and extend streets, but only to make by-laws for the graduation and levelling of existing streets. The act of Maryland of 1789 only gives the corporation the power to survey and ascertain the streets, lanes, and alleys of the town and its additions, and they could not survey, lay out, or alter any new street except upon the application and at the expense of the proprietor through whose ground it should run; and no street was to be extended through the ground of any person without his consent. The act of congress of March 3, 1805, § 12 (2 Stat. 332), authorizes the corporation, "to open, extend, and regulate streets within the limits of the said town; provided they make to the person or persons who may be injured by such opening, extension, or regulation, just and adequate compensation, to be ascertained by the verdict of an impartial jury, to be summoned and sworn by a justice of the peace of the county of Washington, and to be formed of twenty-three men who shall proceed in like manner as has been usual in other cases where private property has been condemned for public use."

Mr. Jones contended that the acts of 1805, and 1809, are applicable to the same cases; and that the compensation was to be ascertained before the street could be regulated; and therefore that the plaintiff was not bound by the inquisition. In all cases of ad quod damnum, the damages are to be first ascertained; and it is usual to give notice to the party to be affected by the condemnation; and in the warrant to describe the property intended to be taken. In the present case, the warrant is not directed to anybody. The jury was sworn to ascertain what damage has been done to the property holders on Water street between Congress and Washington streets. There is no certificate of the justice that this is the inquisition. The certificate of the jurors is not sufficient.

Mr. Key. in reply. No warrant was required by law. The justice might have summoned the jury ore tenus. But he issued a blank summons, and the inquisition states that "We, A, B, C, &c., jurors duly summoned, as appears by the warrant hereto annexed," &c. The jury describe particularly the property to which the damage was done which they assess. It was not necessary to describe it more specifically. It was not necessary that there should be a separate warrant for each proprietor whose property was damaged. The law does not require the justice to certify anything; and his certificate would have been good for nothing if he had certified. The amount of the damage could not be as well ascertained before, as after, it was done.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion, and instructed the jury that the inquisition, and the proceedings thereon, were no bar to the plaintiff's action: (1) Because the compensation should

be ascertained before the defendants could lawfully raise the level of the street. (2) Because the power to regulate, given by the act of 1805, applies only to the streets opened or extended by virtue of that act. (3) Because the inquest was not taken before any magistrate or officer. (4) Because it is not certified by the justice that he summoned the jurors. (5) Because he has not certified that the jurors were sworn by him, nor that they made an inquest; nor that the plaintiff had notice, &c.

Verdict for the plaintiff, $160.